J-S38008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHEEM PAIGE | : | |
| | : | |
| Appellant | : | No. 1326 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 10, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007575-2019

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 13, 2023**

Raheem Paige appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was convicted, following a jury trial, of involuntary deviate sexual intercourse (IDSI) with a child,[1] unlawful contact with a minor,[2] aggravated indecent assault of a child less than 13 years old,[3] endangering the welfare of children (EWOC),[4]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3123(b).

[2] *Id.* at § 6318(a)(1).

[3] *Id.* at § 3125(a)(7).

[4] *Id.* at § 4304(a)(1).

corruption of minors,[5] and indecent assault of a child.[6] After careful review, we vacate the judgment of sentence, affirm the convictions, and remand for resentencing.

Paige was accused of sexually assaulting the victim, H.P.M. (born 8/2007), the daughter of his then-girlfriend, on a weekly basis over the course of three years. H.P.M. was between the ages of 9 to 11 years old at the time of the acts. H.P.M. testified that Paige would touch her on the butt and her "middle spot," i.e., vagina. N.T. Jury Trial, 9/23/21, at 44. On multiple occasions, Paige put his "middle spot," i.e., penis, in H.P.M.'s mouth and made her "go up and down" or use her hands. *Id.* at 45-47, 51-52, 55-57. H.P.M. also testified that Paige would sometimes put his fingers in her vagina and perform oral sex on her. *Id.* at 48. Finally, H.P.M. testified that Paige also touched her breasts. *Id.* at 44.

H.P.M.'s mother testified that she and Paige had lived together since H.P.M. was four or five years old, and that H.P.M. sometimes slept on the floor in their bedroom. When H.P.M. was eleven years old, Paige reached down from the bed and touched her buttocks underneath her clothes while she was sleeping on her mother's bedroom floor. *Id.* at 58-59. H.P.M. told her mother about Paige's behavior, prompting H.P.M.'s mother to confront Paige about it and kick him out of the house, despite his denial of the claim. *Id.* at 60.

---

[5] *Id.* at § 6301(a)(1)(iii).

[6] *Id.* at § 3126(a)(7).

H.P.M. later disclosed to her mother that Paige "made me suck his middle part." *Id.* at 126. H.P.M. testified she never told anyone about the sexual assaults for years because she was "scared" of Paige. *Id.* at 70-71.

Mother took H.P.M. to the Children's Hospital of Philadelphia (CHOP), where medical staff performed a rape kit upon her; the kit included several swabs for male DNA. All swabs either tested negative or were inconclusive for male DNA. *Id.* at 60-63. H.P.M. was also interviewed by a forensic interviewer with the Philadelphia Children's Alliance (PCA). The court permitted the video of the PCA forensic interview to be played for the jury at trial, following the testimony of a PCA manager who authenticated the video by testifying about the agency's recordkeeping processes. *Id.* at 88-91.

Following trial, the court deferred sentencing until December 10, 2021, for the preparation of a presentence investigative report (PSI). After reviewing the PSI and a mental health evaluation, the court sentenced Paige to an aggregate sentence of 25-50 years' incarceration, followed by 14 years of probation. The court sentenced Paige outside the guidelines on three of the six counts—EWOC, corruption of minors, and indecent assault. Paige was determined not to be a sexually volent predator, but was designated a Tier III Offender, subject to lifetime registration with the Pennsylvania State Police under Pennsylvania's Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.75. Paige filed a post-sentence motion/motion for reconsideration raising a challenge to the weight of the evidence and, in the alternative, a claim that the sentence was "grossly

disproportionate and manifestly excessive [where the court] failed to consider [Paige's] background, character[,] and rehabilitative needs pursuant to 42 Pa.C.S.[A.] § 9721." Post-Sentence Motion/Motion to Reconsider, 12/20/21, at ¶ 8.[7]

Paige filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[8] He presents the following issues for our consideration:

> (1) Did not the trial court impose an illegal sentence of 3 to 6 years' incarceration followed by 1 year of probation for [EWOC], where the jury was not instructed on "course of conduct" and, thus, the offense could not be graded as a felony of the third degree[,] but only a misdemeanor of the first [degree]?
>
> (2) Did not the trial court abuse its discretion and violate the Sentencing Code by imposing an excessive and unreasonable aggregate sentence of 25 to 50 years' incarceration[,] followed by 14 years of probation?

Appellant's Brief, at 4.

Paige first contends that the trial court imposed an illegal EWOC sentence when it failed to instruct the jury on a "course of conduct" to have

---

[7] In his post-sentence motion, Paige sought vacatur of his current sentence and imposition of a new, reduced sentence of 6-12 years of incarceration, to be followed by a period of reporting probation. *Id.* at ¶9.

[8] On June 7, 2022, the trial court granted Paige's request for an extension to file his Rule 1925(b) statement while he awaited receipt of necessary trial transcripts. Paige complied with the court's order and filed that statement within the extended deadline.

the crime graded as a third-degree felony, rather than a first-degree misdemeanor.[9]

Endangering the welfare of a child, is defined and graded, in relevant part, as follows:

**(a) Offense defined.**

**(1)** A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

\* \* \*

**(b) Grading.**

**(1)** Except as provided under paragraph (2), the following apply"

> **(i)** An offense under this section constitutes a misdemeanor of the first degree.

> **(ii)** If the actor engaged in a course of conduct of endangering the welfare of a child, the offense constitutes a felony of the third degree.

18 Pa.C.S.A. §§ 4303(a)(1), (b)(1)(i-ii).

In order for the crime of endangering the welfare of a child to be graded as a third-degree felony, the Commonwealth must allege in the information and present evidence at trial of the additional factor of course of conduct, and the jury must be instructed on such. **Hoffman**, **supra**, at 1124 (citing

---

[9] Although Paige failed to include this claim in his Rule 1925(b) statement, because it concerns the legality of his sentence, "it is never waived." **Commonwealth v. Hoffman**, 198 A.3d 1112, 1123 (Pa. Super. 2018).

*Commonwealth v. Popow*, 844 A.2d 13, 18 (Pa. Super. 2004)). *Accord*

*Commonwealth v. Morales*, 241 A.3d 409 (Pa. Super. 2020) (Table).[10]

Here, the criminal information did not allege a course of conduct with

regard to the Commonwealth's EWOC charge. Rather, the information alleged

the following:

COUNT 8: **Endangering the Welfare of Children – Parent/Guardian/Other Commits Offense-(F3)b**

On or about: 08/13/2019 **18 [Pa.C.S.A.] §§ [4304]A1**

A parent, guardian[,] or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection[,] or support. Victim: H.P.M. Age: 11. Range of dates: 2017 to August 2019.

Information, 10/23/19, at 2.[11] Moreover, the trial court's instruction to the

jury on EWOC explains that Paige is charged with the offense, and then lists

the following elements that the jury must find, beyond a reasonable doubt, in

order to find him guilty: (1) defendant endangered the welfare of H.P.M. by

violating the duty of care, protection, or support to her; (2) the defendant

endangered the welfare of the child knowingly; (3) defendant was, at the time,

---

[10] *See* Pa.R.A.P. 126(b) (non-precedential decisions filed after May 1, 2019, may be cited for persuasive value).

[11] The Commonwealth could have amended the information to include notice that it was seeking a section 4303 third-degree felony conviction based on course of conduct. However, it did not do so. *But see* N.T. Preliminary Hearing, 10/18/19, at 4 (at preliminary hearing, Commonwealth amended gradation of aggravated assault indecent assault charge (from F2 to F1) and added charge of false imprisonment).

either a parent or guardian or other person supervising the welfare of a child who is under the age of 18; and (4) that the child was under the age of 18 at the time of the endangering. **See** N.T. Jury Trial, 9/27/21, at 163-64; **see also** N.T. Sentencing Hearing, 12/10/21 (at sentencing, court stating, "Count 8, endangering the welfare of a child under the age of 13[,] **as a felony of the third degree**") (emphasis added). Finally, the jury's verdict slip simply denotes "Endangering the Welfare of a Child" as a "charge," with no separate indication that the jury must find a course of conduct to conclude Paige is guilty of a third-degree felony. **See** Jury Verdict Slip, 9/23/21.

Under such circumstances we cannot construe these errors as merely harmless where the cumulative effect is to increase the grading of the offense from a first-degree misdemeanor to a third-degree felony. **See Commonwealth v. Pope**, 216 A.3d 299, 303 (Pa. Super. 2019) (challenge to proper grading of offense implicates legality of sentence). Accordingly, we conclude that the trial court imposed an illegal sentence when it sentenced Paige to EWOC, graded as a third-degree felony. Accordingly, we vacate only that portion of the judgment of sentence and remand for resentencing where the EWOC charge must be deemed a first-degree misdemeanor. **See** 18 Pa.C.S.A. § 4303(a)(1); **Hoffman**, **supra**; **Popow**, **supra**.

In his final issue on appeal, Paige claims that the trial court abused its discretion when it imposed "an excessive and unreasonable aggregate sentence of 25 to 50 years' incarceration[,] followed by 14 years of probation." Appellant's Brief, at 4. In particular, Paige contends that the trial court should

vacate its sentence where it "upwardly departed from the guidelines in 3 out of 6 charges (where for 2 charges the guidelines extend to the statutory maximum) and imposed 5 out of sentences consecutively." *Id.* at 21. Finally, Paige's claim focuses on the fact that "[t]he trial court did not explain why it was necessary to depart from the guidelines and impose nearly all sentences consecutively, except the nature of [the] crimes, something accounted for by the guidelines [and] there [also is no] indication that the court considered [Paige's] rehabilitative needs." *Id.* at 33.

Because we are remanding for resentencing due to the improper grading of Paige's EWOC charge, any discussion on the discretionary aspects of Paige's now-vacated sentence is moot. *See Commonwealth v. Barnes*, 167 A/3d 110, 125 n.13 (Pa. Super. 2017) (en banc) (concluding this Court need not address remaining claim regarding statement of reason(s) for imposing sentence where matter remanded for resentencing). Therefore, we need not address Paige's second and final claim on appeal.

Judgment of sentence vacated;[12] convictions affirmed. Case remanded for resentencing in accordance with the dictates of this decision. Jurisdiction relinquished.

---

[12] *See Commonwealth v. Hicks*, 151 A.3d 216 (Pa. Super. 2016) (noting vacation of one sentence disrupted sentencing scheme, consequently Court vacated all sentences and directed trial court to start afresh on remand).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/13/2023</u>